CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JAMES DAVID HINKLE, REG. #10250-084,** )<br>Petitioner, ) | |
| ) | Civil Action No. 7:05-cv-00236 |
| ) | Crim. No. 5:03-cr-30080 |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Petitioner, James David Hinkle, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255. Petitioner challenges the validity of his 2004 conviction and sentence for the unlawful distribution of methamphetamine and possession and use of firearms in relation to a drug trafficking offense. The respondent has filed a motion to dismiss, and petitioner has responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted.

I.

On several occasions during the spring and summer of 2003, undercover agents, with the assistance of confidential informants, purchased methamphetamine from Hinkle. During two of the transactions, participants observed Hinkle in possession of one or more firearms. A confidential informant purchased a handgun from Hinkle in July 2003.

In August 2003, a federal grand jury in Harrisonburg, Virginia, returned an indictment charging Hinkle with ten counts of drug and firearm offenses in Shenandoah County. Counts One, Three, Four, Six, Seven, Eight and Ten charged that Hinkle distributed methamphetamine. Counts Two, Five, and Nine charged that on March 7 and 20, 2003, and on July 22, 2003, Hinkle possessed and used a firearm in relation to a drug trafficking offense. Pursuant to a written plea agreement, Hinkle entered a guilty plea on April 12, 2004, to Counts One, Two, Eight, and Nine of the indictment. The agreement also provided that the remaining counts would be dismissed at

1

sentencing and that Hinkle would receive credit for acceptance of responsibility. The court conducted a plea hearing and accepted the plea. After preparation of a presentence report and sentencing hearing on September 13, 2004, the court determined by a preponderance of the evidence that Hinkle was responsible for 10.24 grams of methamphetamine, giving him a base offense level of 18. The court sentenced Hinkle to a total of 381 months imprisonment. Hinkle did not appeal.

In April 2005, Hinkle filed this §2255 motion, alleging the following grounds for relief: (1) petitioner was improperly sentenced on facts not found beyond a reasonable doubt by a jury; (2) petitioner was improperly sentenced to a second or subsequent violation of 18 U.S.C. §924(c)(1)(C)(I), based on two offenses charged in the same indictment; and (3) counsel provided ineffective assistance of counsel by failing to investigate, communicate and prepare adequately for the proceedings.[1]

II.

The government argues that Hinkle waived his right to bring any of his claims under §2255. The United States Court of Appeals for the Fourth Circuit has held that plea agreement provisions waiving the right to appeal or collaterally attack a conviction are valid, so long as the defendant voluntarily and knowingly enters the waiver. United States v. LeMaster, 403 F.3d 216 (4th Cir. Apr. 11, 2005). Whether the waiver is "knowing and intelligent" depends "upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any §2255 motion that necessarily relies on allegations that contradict the sworn statements." LeMaster, 403 F.3d at 221-22. If a

---

[1] At one point, Hinkle alleges that counsel misinformed him that his plea agreement would entitle him to a five-year sentence, when in fact, the agreement subjected him to a twenty-five year sentence. At another place in the petition, Hinkle admits that counsel told him the best he could expect was a thirty-year sentence. Hinkle also alleges that counsel did not investigate sentencing options on the §924© counts and did not ensure that Hinkle understood the consequences of his plea or his options.

2

district court reviewing a § 2255 motion concludes that the petitioner entered a valid waiver of his right to bring a § 2255 action and that petitioner's habeas claims fall within the scope of that waiver, the court must dismiss the action without addressing the merits of those claims. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (discussing appeal waivers). The Fourth Circuit has recognized a narrow class of claims that fall outside the scope of a valid waiver of appeal rights (and by extension, a waiver of § 2255 rights). Issues that the defendant could not reasonably have foreseen when entering into his plea bargain, such as complete denial of counsel at any stage of the proceedings after the plea, imposition of a sentence above the statutory maximum, or imposition of a sentence based on constitutionally impermissible factors such as race, fall outside the scope of the waiver and are actionable under § 2255. Id. at 172.

III.

The provisions of Hinkle's written plea agreement are strong evidence that Hinkle knowingly waived his right to bring this action. The agreement includes provisions by which Hinkle waived his right to appeal his sentence and his right to collaterally attack "the judgment and any part of the sentence," pursuant to § 2255. See Plea Agreement, Paragraphs 8 and 9. The document also includes provisions indicating that Hinkle entered into the plea agreement because he was guilty of the charged offenses and with the understanding of the rights he was thereby waiving. Paragraph 19 indicates that Hinkle discussed the plea agreement and his charges with counsel and was satisfied with counsel's representation; the paragraph also includes a waiver of all claims of ineffective assistance known by Hinkle, but not made known to the court, at the time of sentencing. Hinkle initialed every page of the plea agreement and signed it, along with counsel.

Hinkle's statements to the court during the April 12, 2004, plea hearing provide conclusive evidence that his waiver of § 2255 rights is valid. Hinkle informed the court during the plea colloquy that he had been to college, that he could read, write and understand the English language, and that he was not under any medication that would prevent him from understanding the proceedings. Tr. at 6. He also affirmed to the court that he was entering the plea voluntarily,

without any threat or promise from anyone, other than the plea agreement, and that he was, in fact, guilty of the charged offenses. Tr. at 8, 21. Although Hinkle at first expressed some dissatisfaction with counsel, by the end of the hearing, he stated to the court that counsel had "done the best he can." Tr. at 9-12. Hinkle clearly knew from discussions with counsel and from statements during the plea proceedings that his guilty plea subjected him to mandatory, consecutive sentences totaling thirty years on the gun charges. Tr. at 13. The court specifically asked Hinkle if he understood that pursuant to the plea agreement, he waived his right to appeal his sentence and his right to "collaterally attack [the] sentence by way of a habeas corpus petition"; Hinkle indicated that he understood. Tr. at 24. Based on the provisions of the plea agreement and Hinkle's sworn statements to the court at the plea hearing, the court finds that Hinkle knowingly waived his right to bring this § 2255 action.

Hinkle asserts that the waiver is invalid because the court did not ensure that he understood the rights he was waiving. The record completely disproves this assertion, as the court asked Hinkle directly about the waivers of appeal and habeas rights, in addition to discussing at length the other rights waived pursuant to his plea. Tr. at 24. Hinkle also complains that the court did not ascertain whether Hinkle understood that he would receive a twenty-five year sentence on the second firearm offense. Again, the record proves Hinkle wrong. The plea hearing participants discussed at length the harsh sentence Hinkle faced on the second gun charge. Hinkle clearly knew at the time he entered his plea that the law required the court to sentence him to thirty years on the gun charges. As Hinkle's allegations of ineffective assistance are directly contradicted by Hinkle's own sworn statements during the plea hearing, the court finds no extraordinary circumstance invalidating his waiver of the right to bring this action.

Hinkle also argues that his sentencing claim falls outside the scope of his waiver, since he is alleging the sentence on the second § 924© count exceeds the statutory maximum. The court cannot agree, as the statute mandates a consecutive, twenty-five-year sentence for a second offense. See 18 U.S.C. § 942( c)(1)( C)(I); Deal v. United States, 508 U.S. 129 (1993) (finding it permissible

4

to sentence defendant for defendant's first § 924© offense and for a subsequent such offense in the same proceeding, although both offenses were charged in the same indictment). As Hinkle entered a valid waiver of his right to bring a § 2255 action and his current claims are within the scope of that waiver, the court must dismiss the action without addressing his claims on the merits.[2] An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253©. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 13th day of September, 2005.

/s/ James C. Turk
Senior United States District Judge

---

[2] In any event, the court finds no merit to Hinkle's claims.

5